**Edmond SALAME, Petitioner,**

v.

**John ASHCROFT, United States Attorney General, Immigration and Naturalization Service, Respondents.**

**No. 02–4472.**

United States Court of Appeals, Second Circuit.

April 13, 2005.

Douglas B. Payne, New York, NY, for Petitioner.

Henry K. Kopel, Assistant United States Attorney, District of Connecticut, for Kevin J. O'Connor, United States Attorney, District of Connecticut (William J. Nardini, Assistant United States Attorney,), for Respondent, of counsel.

PRESENT: CALABRESI, CABRANES, Circuit Judges, and HALL, District Judge.*

SUMMARY ORDER

Petitioner Edmond Salame ("Salame"), a citizen of Lebanon, appeals from an order of the Board of Immigration Appeals ("BIA") entered on August 14, 2002, affirming without opinion a November 27, 2000 decision of the Immigration Judge ("IJ"). The IJ rejected Salame's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), denied him relief under Article 3 of the United Nations Convention Against Tor-

---

* The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

ture ("CAT"), *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16, and held him to be statutorily ineligible for voluntary departure. Salame does not contest the denial of CAT relief or of the voluntary departure motion.

We assume familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation omitted); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

In this case, the IJ's findings with respect to Salame's asylum and withholding of removal claims are supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding.").

We also find that the IJ, in denying Salame's petition, did not improperly rely on the lack of corroborating documentation in the record or make any other serious error in evaluating evidence.

Finally, notwithstanding Salame's claims on appeal to the contrary, the IJ gave him adequate opportunities to specify and give details in support of his allegations of past incidents of persecution.

We have considered all of Salame's claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of removal is DENIED.